# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF LOUISIANA

Jimmie Vickers
    Plaintiff Pro se

**09-6230**

Versus

Civil Action N**SECT. 1   MAG. 2**

Weeks Marine inc. and
Atlantic Sounding Co., Inc.

## RICO CASE STATEMENT

### JURISDICTION

1:    The Claims herein arise, *inter alia,* under RICO, 18 U.S.C. ss 1961 et seq.

1 a:    The Jurisdiction of this Court is based on 18 U.S.C. ss 1961, 1962, and 1964, and Federal Question Jurisdiction, 28 U.S.C. ss 1331.

1 b:    This Court is a proper venue for this Action pursuant to 18 U.S.C. ss 1965 and 28 U.S.C. ss 1391.



1

Vickers
v
Weeks

## THE PARTIES

**Plaintiff**, Jimmie Vickers, is an adult, American Citizen, who resides at 3611 Dorothy Lois Dr., Moss Point, Mississippi, 39562. Plaintiff is filing this action Pro se, and prays this Court will allow Liberal Construction in said Action.

2: **Defendant**, Weeks Marine Inc. upon information and belief is a New Jersey corporation, authorized to do and doing business in the State of Louisiana and in the Eastern District of the United States District Court, sitting in the State of Louisiana, who maintains one of it's main offices in Inwoods Business Park, 304 Gaille Dr., Covington, Louisiana, 70433.

2a: **Defendant**, Atlantic Sounding Co., Inc., upon information and belief is a New Jersey corporation, authorized to do and doing business in the State of Louisiana and in the Eastern District of the United States District Court, sitting in the State of Louisiana, whose registered agent for service of process is C.T. Corporations Systems, 8550 United Plaza Boulevard, Baton Rouge, Louisiana, 70809.

2b: Weeks Marine Inc., and Atlantic Sounding Co., Inc., have acted in concert, aiding and abetting each other, while Conspiring to violate Federal laws. Specifically, The Jones Act, 46 U.S.C.,

2

Vickers
   v
Weeks

and the General Maritime Laws of the United States. They acted together in the development and adoption of specific legal tactics and guidelines to be used for the explicit purpose of circumventing the existing laws of the United States. The Defendants have acted in concert, to Obstruct Justice, by filing Strategic Lawsuits Against Injured Persons. These "SLIP" suits have the specific intent to deprive, delay, and deny medical treatment, which is guaranteed, by General Maritime Law, to injured Seamen.

2c:   The Defendants have used these fraud based, preemptorily, filed "SLIP" suits, against numerous Seamen who were injured while in the employment of the Defendant's Companies.

2d:   The Defendants are in violation of 18 U.S.C. ss 1343 by transmitting and receiving, by wire, Postal Service, commercial carrier, or other interstate electronic media, material containing false and fraudulent misrepresentations, to the U.S. District Courts and other persons, for the purpose of circumventing the law.

2e:   In violation of 18 U.S.C. ss1962[d], Defendants have violated and conspired to violate: 18 U.S.C. ss1962[a] by using and investing income received from a pattern of racketeering, directly or indirectly, to establish and operate the "Fraudulent Legal Enterprise", which it is engaged in, and whose activities affect interstate commerce; and 18 U.S.C. ss1962[c] by conducting, or participating directly or

Vickers
  v
Weeks

indirectly in the conduct of, the affairs of a Fraudulent Legal Enterprise through a pattern of racketeering.

3: Weeks Marine Inc. and Atlantic Sounding Co., Inc., while acting as an Enterprise, have violated the laws of the United States, through a pattern of systematic racketeering activity, directed toward profit.

4: The Defendants have used unfair and unfounded legal actions, aimed at circumventing compliance with the Law. They preemptorily filed an Action against the Plaintiff, Jimmie Vickers, for the purpose of, choosing the Court where the case would be heard, [a practice known as "Strategic forum preclusion"], and to avoid paying the Maintenance and Cure required by law, leaving the Plaintiff crippled and in poverty, with no money to pay medical bills, and too crippled to work.
    As a direct and proximate result, the Plaintiff has been injured economically and physically by both the predicate acts, which make up the defendants' pattern of racketeering and their investment and reinvestment of income therefrom to operate, expand, and perpetuate the Fraudulent Legal Enterprise.

4a: The Defendants have used these same unfair and unfounded legal actions against numerous injured employees for the purpose of Denying, Delaying, and Reducing legally required Maintenance and Cure benefits.

Vickers
   v
Weeks

5a:  The Defendants, routinely use "Shotgun" Pleadings and Lawsuits commenced and continued in bad faith, without any reasonable basis in law or fact, in order to avoid paying for medical treatment for injured workers. Defendants use a "preemptive legal attack" to systematically deny Maintenance and Cure claims without regard to medical necessity.

  The Defendants have repeatedly Obstructed Justice over the past 10 years, through the use of fraudulent and misleading preemptively filed court pleadings, with the intention of depriving, delaying, and denying legally mandated Maintenance and Cure payments to injured employees, in violation of Title 18, Chapter 96 sec 1962.

5b:  Plaintiff uses the cases of <u>Atlantic Sounding Co., Inc. v Townsend, case no: 3: 05-cv-649,</u> filed in The U.S. District Court, for the Middle District of Florida [see Exhibit # 1 attached]. And the Action, [which the Defendants filed against him], <u>Atlantic Sounding Co., Inc. v Vickers, case no: 1:09-cv-346,</u> filed in The U.S. District Court for the Southern District of Mississippi [see Exhibit # 2 attached], to demonstrate the common facts and similar activities that reflect and imply the existence of a Conspiracy to Obstruct Justice. These two Cases, are by no means, the only incidences wherein the Defendants Violated the Law.

  Common facts and similar activities, displayed by the defendants in their 'preemptive legal actions' against numerous injured employees, reflect the existence of a scheme to defraud.

5

Vickers
 v
Weeks

In both, cases,["Townsend" and "Vickers"], the Defendants, [Weeks, and Atlantic Sounding], initially promised the injured Seamen that they would be furnished medical treatment. And in both cases, the Defendants, [Weeks, and Atlantic Sounding] Breached that Promise within a few days.

In both cases ["Townsend" and " Vickers"], Teresa Olivo authorized the Seamen to receive Medical treatment, and within a few days, Thomas Langham, withdrew that authority. These "Bait and Switch" tactics are used to delay any action by the injured Seaman until the Defendants can choose a favorable forum for their preemptive legal attack.

The Defendants used these tactics over and over, in other cases, establishing a pattern of legal actions which were commenced and continued in Bad Faith, without any reasonable basis in law or fact. Both cases are built upon a basis of fraud.

Both of these cases, ["Townsend" and "Vickers"] show a violation of Rule 11 of the Federal Rules of Civil Procedure. Which state in part:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Vickers
   v
Weeks

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

[4] the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A careful reading of the Complaint will disclose no factual allegations which would be grounds to with-hold legally mandated medical treatment. In fact, the Complaint is riddled with misleading statements and lies.

In paragraph V [ exhibit #2], the Defendant states "He was taken to a medical clinic." This statement is a complete fabrication. Plaintiff Vickers was never taken anywhere, nor did anyone offer to take him to a medical clinic, or anywhere else.

Plaintiff Vickers reported the accident at approximately 10 A.M., and at precisely 1 P.M., after filling out an accident report and listening to the Dredge Captain make several phone calls to the office attempting to obtain permission to take Plaintiff to the clinic, [said permission was never obtained], Plaintiff announced to the Captain that he was going to seek medical attention.

At 1 P.M., 3 hours after the accident was reported, Plaintiff left, in his own vehicle, and proceeded to the Emergency Room at the V.A. Medical Center in Biloxi, Mississippi, where he received treatment.

In paragraph VI, [exhibit #2], the Defendants state that they advised the Defendant [Plaintiff Vickers] by letter dated May 19, 2009 "that treatment was tendered to him with any physician willing to accept reasonable and customary charges...". It should be noted

7

Vickers
   v
Weeks

that Plaintiff did not receive said letter until June 2, 2009.

The Defendants fail to state that as soon as this Plaintiff received that letter, [see Exhibit # 3 attached] he called Theresa Olivo, [the author of the letter] and asked her for authorization to see Dr. Chris Wiggins, here in Pascagoula, Mississippi.

Plaintiff was told by Ms. Olivo that she would have to check with her Boss.

The next letter this Plaintiff received [see Exhibit #4 attached] was dated June 8, 2009 and was sent VIA CERTIFIED MAIL. This letter ended by stating that "Weeks Marine will not take responsibility for your medical bills and no maintenance will be forthcoming."

This is the same thing the defendants did in the "Townsend" case. The Defendants promise medical treatment, and then before you can get to the hospital, they renege and file suit against you.

The Defendants also accused both Edgar Townsend and Plaintiff Vickers of 'deserting their vessels'. This is also a complete fabrication, neither Edgar Townsend, nor Plaintiff Vickers deserted their vessels.

Defendant's scheme to deny, reduce, and delay, Maintenance and Cure payments to injured employees is an ongoing problem that will continue to cause Plaintiff economic and physical harm.

The Defendants, through the development and adoption of specific fraudulent legal tactics and guidelines, participating in and coordinating through a private, jointly owned partnership, seek to, and have successfully denied Plaintiff Maintenance and Cure.

Vickers
   v
Weeks

The "Townsend" and "Vickers" cases clearly show a pattern of facts and similar activities that reflect and imply the existence of a conspiracy between the Defendants.

The Defendants' use of 'preemptive legal actions' serve no other purpose than to delay the Payment of Maintenance and Cure, and to choose a favorable forum.

5c: For the purpose of executing and/or attempting to execute the schemes described in the foregoing, to defraud and obtain money by false representations, the Defendants, in violation of 18 U.S.C. ss 1341, placed in post offices and/or in authorized repositories matter and things to be sent or delivered by the Postal Service, caused matter and things to be delivered by commercial interstate carrier, wire, or other interstate electronic media, and received matter and things from the Postal Service or commercial interstate carriers, including but not limited to agreements, correspondence, payments, data, statements, and instructions.

The Defendants also travel and use the mail or other facilities of interstate commerce, and cause others to do so, with the intent of carrying on, and to carry on their Obstruction of Justice and Extortion by their deprivation, under color of official right, of Plaintiffs property and his care and wellbeing. In violation 18 U.S.C. ss1951. And as a result, Defendants have violated 18 U.S.C. ss1952 as well.

5d: As a result of Defendants' overt acts in violation of 18 U.S.C.

9

Vickers
  v
Weeks

ss1951 and ss1952, as well as Defendants' aiding and abetting of those violations, Plaintiff has lost compensation and timely medical care that was rightfully his, and has been personally injured.

The Defendants have engaged in a "pattern of racketeering activity" as defined by 18 U.S.C. ss1961 by committing or aiding and abetting in the commission of at least two acts of racketeering activity, i.e., indictable violations of 18 U.S.C. 1341, 1343, 1951, 1952, and 1503 as described above, within the past ten years. In fact, each of the Defendants has committed or aided and abetted in the commission of dozens of acts of racketeering activity.

Each act of racketeering activity was related, had a similar purpose, involved the same or similar participants and method of commission, had similar results and impacted similar victims, including this Plaintiff.

The multiple acts of racketeering activity which Defendants committed and/or conspired to or aided and abetted in the commission of, were related to each other and amount to and pose a threat of continued racketeering activity, and therefore constitute a "pattern of racketeering activity" as defined in 18 U.S.C. ss1961[5].

<u>Atlantic Sounding Co., Inc. v Townsend, case no: 3: 05-cv-649,</u> [see Exhibit # 1 attached.] and <u>Atlantic Sounding Co., Inc. v Vickers, case no: 1:09-cv-346,</u> [see Exhibit #2 attached], Are two representative examples of the types of predicate acts committed by the Defendants pursuant to their scheme to Obstruct Justice and defraud the Plaintiff and other injured Seaman.

10

Vickers
   v
Weeks

18 U.S.C. ss1962[a] provides that "it shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity... in which such person has participated as a principal within the meaning of Section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect interstate or foreign commerce."

As set forth in the foregoing Action, the Defendants unlawfully Extort Maintenance and Cure monies from injured Seaman, by depriving them of legally required medical payments, under color of legal right.

That income is reinvested to finance future racketeering activity, and the future operation of the Fraudulent Legal Enterprise. In addition, the Defendants use the income to buy additional equipment and property which increases the scope and size of the Corrupt Organization, the reach of their fraudulent scheme, and their power to perpetuate and enforce it.

18 U.S.C. ss1962[d] makes it unlawful "for any person to conspire to violate any of the provisions of subsection [a], [b], or [c], of this section."

Defendants' conspiracy to secure money due the Plaintiff, for their own use, through the fraudulent and extortionate scheme described above, violates 18 U.S.C. ss1962[d].

11

Vickers
   v
Weeks

    Each of the Defendants agreed to participate, directly or indirectly, in the conduct of the affairs of the Fraudulent Legal Enterprise through a pattern of racketeering activity comprised of numerous acts of mail fraud, wire fraud and extortion, and each Defendant so participated in violation of 18 U.S.C. ss1962[c].

    Each Defendant further agreed to use or invest, directly or indirectly, part of the income derived from their acts of mail fraud, wire fraud and extortion, which constituted a pattern of racketeering activity, in the establishment, operation and expansion of the Fraudulent Legal Enterprise, and has done so in violation of 18 U. S. C. ss 1962[a].

    In violation of 18 U.S.C. ss 1962[d], Defendants have conspired to violate: 18 U.S.C. ss 1962[a] by using and investing income received from a pattern of racketeering, directly or indirectly, to establish and operate the Fraudulent Legal Enterprise, which is engaged in, and whose activities affect, interstate commerce; and 18 U.S.C. ss 1962[c] by conducting, or participating directly or indirectly in the conduct of, the affairs of the Fraudulent Legal Enterprise through a pattern of racketeering.

    Specifically, the Plaintiff has been injured economically, and in his person by the denial, deprivation, and delay of payments for medical treatment which the Defendants owed to him as a matter of law.

6: Atlantic Sounding Co. Inc., and Weeks Marine Inc. are partners in the past, present, and ongoing operation of a Fraudulent Legal Enterprise whose function is to defraud injured seamen by

12

Vickers
v
Weeks

attacking them preemptorily, with court pleadings whose purpose is to harass, cause unnecessary delay, and needlessly increase the cost of litigation, while refusing to pay legally mandated medical expenses as required by Maritime Law.

## DECLARATORY AND INJUNCTIVE RELIEF UNDER 18 U.S.C. ss 1964

Plaintiff re-alleges and incorporates the foregoing allegations as if set forth fully herein.

This claim arises under 18 U.S. C. ss1964[a], which authorizes the District Courts to enjoin violations of 18 U.S.C. ss 1962, and under 28 U.S. C. ss 2201 which authorizes associated declaratory relief.

As set forth above, the Defendants have violated 18 U.S.C. ss 1962[a], 1962[c] and 1962[d], and will continue to do so in the future.

Enjoining Defendants from committing these RICO violations in the future, and/or declaring their invalidity, is appropriate as the Plaintiff has no adequate remedy at law, and will, as set forth above, suffer irreparable harm in the absence of the Court's declaratory and injunctive relief.

Vickers
   v
Weeks

## PRAYER FOR RELIEF

**WHEREFORE,** The Plaintiff demands judgment in his favor and against Defendants as follows:

A.   As to Plaintiff, against all Defendants, jointly and severally, judgment for treble the amount of damages suffered by reason of payments due him for Maintenance and Cure, having been wrongfully withheld, denied or reduced through Defendants predicate acts, together with treble the amount of interest due on payments delayed or withheld through the Defendants' predicate acts and RICO violations.
B.   As to Plaintiff, a judgment for punitive damages against the respective Defendants in an amount sufficient to punish Defendants for their past illegal acts and to deter Defendants from engaging in any and all such illegal acts in the future.
C.   Declaring that Defendants have breached and violated the laws governing its conduct toward Plaintiff, and that such breach and violation has harmed, and continues to harm Plaintiff.
D.   Award the Plaintiff compensatory damages for the breaches and violations of law concerning the non-payment, and/or delayed or reduced payment of Maintenance and Cure.
E.   Order the disgorgement of profits improperly earned by Defendants.

Vickers
   v
Weeks

F.   Award Plaintiff the amount by which Defendants have been unjustly enriched.

G.   Awarding Plaintiff the costs and disbursements of this action, including reasonable attorney's fees and reimbursement of expenses, including expert fees, in amounts to be determined by the Court.

H.   Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated  9-9-09

Respectfully Submitted

*Jimmie Vickers*
Jimmie Vickers
Plaintiff Pro se
3611 Dorothy Lois Dr.
Moss Point, Ms. 39562
Ph# 228-623-3662
E-Mail- jimmievickers@yahoo.com

15