UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMIE VICKERS,** *pro se* | **CIVIL ACTION** |
| **VERSUS** | **No. 09-6230** |
| **WEEKS MARINE, INC., ET AL.** | **SECTION I/2** |

## ORDER AND REASONS

Considering the foregoing opposed motion for reconsideration filed by plaintiff, Jimmie Vickers,[1]

**IT IS ORDERED** that the motion is **DENIED** for the reasons given by the Court in its April 7, 2010 order.[2] All of plaintiff's claimed damages are the result of personal injuries rather than injuries to his business or property. Although RICO creates a civil cause of action for injury to business or property, "[t]he phrase 'injury to business or property' excludes personal injuries." *Hughes v. The Tobacco Institute, Inc.*, 278 F.3d 417, 422 (5th Cir. 2001); *see also Bradley v. Phillips Petroleum Co.*, 527 F.Supp.2d 625, 646 (S.D.Tx. 2007)("Even the economic consequences of personal injuries do not qualify as 'injury to business or property.'")(citing *Evans v. City of Chicago*, 434 F.3d 916, 926-31 (7th Cir. 2006)). Accordingly, plaintiff has not identified an injury to business or property that would be sufficient to support a RICO claim.[3]

New Orleans, Louisiana, May 31, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[1] R. Doc. No. 18.
[2] R. Doc. No. 16.
[3] Plaintiff also requests leave of Court to amend his complaint to allege an injury to business or property. Plaintiff, however, does not identify any injury that would allow plaintiff to overcome a motion to dismiss. A district court may deny leave to amend if allowing amendment of the complaint would be futile. *See Landavazo v. Toro Co.*, 301 Fed.App'x 333, 337 (5th Cir. 2008). Because plaintiff's proposed amendments would not plead an injury to business or property, plaintiff's request for leave to amend his complaint is **DENIED**.